UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARRELL CHAPMAN, also known as
Darrell Bishop Chapman,

                        Plaintiff,

            v.                                  9:19-CV-1257
                                                (GTS/CFH)

JOHN DOE (ONE), et. al.,

                        Defendants.

---

APPEARANCES:

DARRELL CHAPMAN
43749
Plaintiff, pro se
Albany County Correctional Facility
840 Albany Shaker Road
Albany, NY 12211

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

      The Clerk has sent to the Court for review a pro se civil rights Complaint filed by plaintiff Darrell Chapman ("Plaintiff") pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. Dkt. No. 1 ("Compl."). Plaintiff, who is presently confined at Albany County Correctional Facility ("Albany County C.F."), paid the full filing fee of $400.00.

### II. SUFFICIENCY OF THE COMPLAINT

      **A.    Standard of Review**

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

2

conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While pro se parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." *Id*. at 364. A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Summary of the Complaint

The incidents that form the foundation for the Complaint occurred while Plaintiff was confined, as a pretrial detainee, at Albany County C.F. *See* Compl. at 4, 5. The following facts are set forth as alleged by Plaintiff in his Complaint.

On September 27, 2019, Plaintiff was a passenger in a prison van operated by defendants John Doe #1 and John Doe #2, employees of Albany County C.F. Compl. at 5. Plaintiff, and seven other detainees, were being transported from Albany C.F. to Court. *Id*.

While en route to Court, Plaintiff observed Defendants driving at unsafe speeds, while operating cell phones, and "tailgating." *Id.* Before the return trip to Albany County C.F., Plaintiff asked Defendants to fasten his seatbelt. *Id*. Plaintiff, who was shackled at the ankles and handcuff with a waist chain, was unable to fasten his own seatbelt. Compl. at 6. Defendants refused and told Plaintiff to "sit back and be quiet." *Id*. Plaintiff again observed John Doe #1 was driving at unsafe speeds, handling his cell phone, and changing lanes in an unsafe manner. *Id.* Plaintiff yelled to Defendants to "slow down," but was told to "shut the hell up." *Id*.

While traveling to Albany County C.F., the van was involved in a collision with another motor vehicle when John Doe #1 "excellerated [sic] in an effort to cut [a] car off and prevent the car from being in front of the van and slowing it down[.] Compl. at 6. The impact caused Plaintiff to be "violently tossed from his seat head first into a metal security gate covering the window[.]" *Id.*

Several hours after the accident, Plaintiff was transported to the hospital. Compl. at 6. When Plaintiff arrived at the hospital, John Doe #1 and John Doe #2 refused to remove his restraints to allow the medical staff to examine Plaintiff. *Id*. at 7. The medical staff monitored Plaintiff's blood pressure and heart rate. *Id*.

For five days after the accident, Plaintiff completed "sick call requests" complaining of severe back pain, neck pain, pain in his foot/ankle, and headaches. Compl. at 7. On October 3, 2019, Plaintiff was seen by Defendant Jane Doe, an employee of the Albany County medical staff. *Id*. Plaintiff told Jane Doe that he believed he had a "concussion from hitting [his] head during the crash." *Id.* Plaintiff asked for X-rays, CAT scans and/or MRI

films. *Id*. Jane Doe ordered X-rays and prescribed Motrin. Compl. at 7. Jane Doe denied Plaintiff's request for a back brace, a second mattress, and an appointment with a doctor. *Id.* at 8.

Construing the Complaint liberally[1], Plaintiff asserts the following claims: (1) deliberate indifference claims against John Doe #1 and John Doe #2 related to the motor vehicle accident; (2) deliberate medical indifference claims against John Doe #1, John Doe #2, and Jane Doe; and (3) failure-to-protect claims against Albany County C.F.; and (4) claims, pursuant to the FTCA, against the United States Marshal Service ("USMS"). *See* Compl. at 9-10. Plaintiff seeks monetary damages. *See id.* at 11-12.

For a more complete statement of Plaintiff's claims, reference is made to the Complaint.

### C. Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself

---

[1] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

5

creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

The Court will construe the allegations in the Complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

## III. ANALYSIS

### A. Section 1983 Claims

#### 1. Fourteenth Amendment Claims

Because Plaintiff was confined as a pretrial detainee, his deliberate indifference claims are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citation omitted).

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d at 29. Such a claim is typically analyzed under a two-pronged standard. First, the pretrial detainee must satisfy the "objective prong" showing that the conditions were "sufficiently serious" as to constitute objective deprivations of constitutional rights. *Id*. at 29. To satisfy the objective prong, " 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" *Id.* (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013); *LaReau v. MacDougall*, 473

F.2d 974, 978 (2d Cir. 1972)).  The objective prong of the deliberate indifference claim is the same as a convicted prisoner under the Eighth Amendment.  *Darnell*, 849 F.3d at 30.

Second, the pretrial detainee must satisfy the "subjective prong" by showing that the officer acted with deliberate indifference to the challenged conditions.  *Darnell*, 849 F.3d at 29.  As to the "mens rea" prong, a pretrial detainee must allege facts showing that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."  *Id.* at 35.

In *Bruno v. City of Schenectady*, 2018 WL 1357377 (2d Cir. 2018), the Second Circuit, applied *Darnell* to a deliberate medical indifference claim and held, "an official does not act in a deliberately indifferent manner toward an arrestee unless the official 'acted *intentionally* to impose the alleged condition, or *recklessly* failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.' " *Id*. (emphasis supplied).

### a. Claims Against John Doe #1 and John Doe #2

Plaintiff claims that John Doe #1 and John Doe #2 were deliberately indifferent to his safety and medical needs.  *See* Compl. at 9.

"[M]otor-vehicle accidents, by themselves, do not implicate the Constitution's protections, and 'allegations of a public official driving too fast for the road conditions are grounded in negligence' and are therefore not actionable under Section 1983."  *Cuffee v. City of New York*, No. 15CV8916, 2017 WL 1232737, at *7 (S.D.N.Y. Mar. 3, 2017), *adopted*,

7

2017 WL 1134768 (S.D.N.Y. Mar. 27, 2017). Moreover, "the failure to provide a seatbelt is not, in itself, 'sufficiently serious' to constitute an Eighth [or Fourteenth] Amendment violation." *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012). "[A]n in-custody plaintiff injured during transport may, however, state a deliberate-indifference claim if he or she alleges facts in addition to the absence of seatbelts and reckless driving, that, taken as a whole, suggest that the plaintiff was exposed to conditions posing an unreasonable risk of serious harm, and that the defendants were aware of those conditions." *Cuffee*, 2017 WL 1232737, at *7.

Here, the Complaint contains facts plausibly suggesting that John Doe #1 and John Doe #2 were deliberately indifferent to an excessive risk to Plaintiff's safety. *See Torres v. Amato*, 22 F.Supp.3d 166, 174 (N.D.N.Y. 2014) ("[E]vidence of the defendant's refusal to secure the plaintiff's seatbelt, combined with the defendant's reckless driving [may be] sufficient for a jury to 'conclude that there was a substantial risk of harm to the plaintiff and that the defendant knew of and disregarded the substantial risk of harm.' ") (citing *Rogers v. Boatright*, 709 F.3d 403 (5th Cir. 2013)); *see also Cuffee,* 2017 WL 1232737, at *8 (denying motion to dismiss where the plaintiff plead that the officer drove recklessly, at an excessive speed, with knowledge that the plaintiff was not wearing a seatbelt).

Thus, the Court finds that Plaintiff's Fourteenth Amendment deliberate indifference claims against John Doe #1 and John Doe #2, related to Plaintiff's safety, survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

A different conclusion is reached however, with respect to Plaintiff's medical claims against John Doe #1 and John Doe #2. While Plaintiff alleges that John Doe #1 and John Doe #2 refused to remove his restraints, he does not allege how the restraints impeded any

8

examination or treatment, nor does he allege that he suffered any injury as a result. *See Shell v. Brzezniak*, 365 F.Supp.2d 362, 378 (W.D.N.Y. 2005) (dismissing the plaintiff's Eighth Amendment claim against officer because decision to refuse to allow medical staff to remove handcuffs did not pose an excessive risk to the plaintiff's health or safety). Accordingly, Plaintiff's Fourteenth Amendment medical indifference claims against John Doe #1 and John Doe #2 are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A for failure to state a claim.

### b. Claims Against Jane Doe

Even assuming that Plaintiff suffered from a serious medical need, Plaintiff does not set forth facts to infer that Jane Doe acted with a culpable state of mind. Plaintiff admits that Jane Doe ordered X-rays and prescribed medication for his headaches, neck pain, and back pain. *See* Compl. at 7. Plaintiff claims that Jane Doe denied his request for a second mattress, back brace, to see a doctor, and CAT scan/ MRI films. *See id.* at 7-8. These allegations amount to a disagreement with the nature of treatment and not a violation of Plaintiff's constitutional rights. *See Wright v. Conway*, No. 05-CV-6723, 584 F.Supp.2d 604, 607 (W.D.N.Y. Nov. 5, 2008) ("[the plaintiff's] complaints demonstrate no more than his personal dissatisfaction with the level of care that he received, and these claims must therefore be dismissed."); *see Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F.Supp.2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g. the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a section 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.") (citation omitted).

9

Even if Jane Doe's decisions surrounding Plaintiff's treatment implicate medical malpractice or negligence, the issues do not give rise to a Fourteenth Amendment violation. *See Charles v. Orange Cty.*, 925 F.3d 73, 87 (2d Cir. 2019) (holding that "something more than mere negligence" and "mere medical malpractice" is necessary to establish deliberate indifference in the Fourteenth Amendment context) (citation omitted).

For these reasons, Plaintiff's medical indifference claims against Jane Doe are dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim.[2]

### 2. Sovereign Immunity

Plaintiff asserts Section 1983 claims against Albany County C.F. and the USMS for failure to protect him from Does' deliberate indifference. *See* Compl. at 10. The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a

---

[2] To the extent that the Complaint could be read to include a Fourteenth Amendment claim against the "Medical Staff," *see* Compl. at 10, that claim is dismissed for failure to state a claim upon which relief may be granted. Only "persons" may act under the color of state law, a defendant in a § 1983 action must qualify as a "person." The use of the term, "Medical Staff" as a name for alleged defendants, without naming specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Martin v. UConn Health Care*, 99-CV-2158, 2000 WL 303262, at *1-2 (D.Conn. Feb. 9, 2000); *Ferguson v. Morgan,* No. 90 Civ. 6318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (holding that Otisville Correctional Facility medical staff not a person under § 1983).

10

state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Actions for damages against a state official in his or her official capacity are essentially actions against the state. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's claims for monetary damages against Albany County C.F. are dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A as Plaintiff seeks relief from a defendant immune from suit under section 1983. *See Richardson v. Nassau Cty.,* 277 F.Supp.2d 196, 204 (E.D.N.Y. 2003); *see also Simmons v. Gowanda Corr. Facility*, No. 13-CV-0647, 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) ("the New York State Department of Corrections and [the named correctional facility] enjoy the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state itself") (quoting *Posr. v. Court Officer Shield No. 207*, 180 F.3d 409, 411 (2d Cir. 1999)).

Moreover, the United States has sovereign immunity. *U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 615 (1992). Therefore, to the extent that the Complaint could be construed to include a Section 1983 claim against the USMS, that claim is dismissed with prejudice. *Toomer v. Cty. of Nassau*, No. 07-CV-01495, 2009 WL 1269946, at *10 (E.D.N.Y. May 5, 2009); *see also Queen v. U.S. Bureau of Prisons*, No. CIV-09-883, 2010 WL 455175, at *2 (W.D. Okla. Feb. 2, 2010) (holding that the USMS enjoy sovereign immunity from a 1983 action) (citation omitted).

### B. FTCA

Plaintiff asserts claims, pursuant to the FTCA, alleging that the USMS failed to protect him from Does' deliberate indifference. *See* Compl. at 10. The FTCA constitutes a waiver of the Government's sovereign immunity from suit for claims of property damage or personal injury caused by the "negligent or wrongful act or omission" of its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The statute of limitations for actions brought pursuant to the FTCA is set forth in 28 U.S.C. § 2401(b), which provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The only proper defendant to an action under the FTCA is the United States. *See Watts v. U.S. Federal Bureau of Prisons*, No. 9:07-CV-773, 2009 WL 81285, at *4 & n. 1 (N.D.N.Y. Sep. 30, 2008) (Peebles, M.J.) (citing cases), *adopted*, 2009 WL 81285, at *1 (N.D.N.Y. Jan. 9, 2009) (Hurd, J.). Tort claims, such as claims of medical malpractice, are actionable under the FTCA. *United States v. Kubrick*, 444 U.S. 111 (1979).

It is clear that "[u]nder the FTCA, before a claimant can file suit, he or she must first present the claim to the appropriate federal agency . . . within two years of the date the claim accrued." *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) (citing 28 U.S.C. § 2675(a)). "The claimant can only initiate his or her lawsuit once the claim has been denied by the agency (or if the agency has failed to make a decision within six months

12

after the claim was filed)." *Id*. (citing 28 U.S.C. § 2675(a)).  In other words, the FTCA requires a plaintiff to exhaust all administrative remedies before filing suit in federal court. *Celestine v. Mount Vernon Health Ctr*., 403 F.3d 76, 82 (2d Cir. 2005).

Here, the Complaint lacks facts suggesting that Plaintiff filed an administrative claim with the USMS or any other federal agency and therefore, no cause of action exists based on the statements in Plaintiff's Complaint.  Accordingly, Plaintiff's FTCA claims against the USMS are dismissed, without prejudice.  *See Toomer*, 2009 WL 1269946, at *12 (dismissing the plaintiff's claims against the USMS (or the United States as liberally construed) due to failure to exhaust under the FTCA).

In light of Plaintiff's status as a pro se litigant, the Court has also considered whether the Complaint states claims cognizable under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *Bivens* actions, although not precisely parallel to actions pursuant to 42 U.S.C. § 1983 against state actors, are the analog to such actions; and the constitutional standard of review is the same for either type of action. *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (per curiam).  Thus, federal courts have "typically incorporated § 1983 law into *Bivens* actions." *Tavarez*, 54 F.3d at 110.

However, claims for monetary damages under *Bivens* may not be brought against the United States, federal agencies, or federal agents in their official capacities.  *See Bivens*, 403 U.S. at 410; *Petrazzoulo v. U.S. Marshals Serv.,* 999 F. Supp. 401, 406 (W.D.N.Y. 1998) (dismissing *Bivens* claim against the USMS, a federal agency); *Robinson v. Overseas Military Sales Corp*., 21 F.3d 502, 510 (2d Cir. 1994) (holding that a *Bivens* action "must be brought against the federal officers involved in their individual capacities[.]").

Consequently, Plaintiff's *Bivens* claim for monetary damages against the USMS is

13

dismissed with prejudice.

### C. Service Issues

Because Plaintiff has paid the filing fee, he is responsible for serving the summonses and Complaint on Defendants. However, despite finding that a response to the Complaint is required, there is an impediment to service. The only remaining defendants are John Doe defendants whose identities are not presently known. Under normal circumstances, when a pro se plaintiff includes Doe defendants, together with named defendants, the Complaint is served upon the named defendants and the plaintiff pursues discovery to identify the Doe defendants. In this case, however, Plaintiff has not identified *any* defendant by name.

In light of the foregoing, the Clerk of Court shall send a copy of the Complaint and this Decision and Order to the Office of the County Attorney for Albany County. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the County Attorney's Office attempt to ascertain the full name of the defendants.[3] The County Attorney's Office is also requested, to the extent that it is able to identify the defendants, to provide the address where the defendants can currently be served. The County Attorney need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the following claims are **DISMISSED with prejudice** pursuant to 28

---

[3] In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

14

U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) Section 1983 claims against Albany County Correctional Facility and the USMS; and (2) *Bivens* claims against the USMS; and it is further

**ORDERED** that the following claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: (1) Fourteenth Amendment medical claims against John Doe #1, John Doe #2, and Jane Doe; and (2) FTCA claims against the USMS[4]; and it is further

**ORDERED** that Albany County C.F., the USMS, and Jane Doe are **DISMISSED** as defendants herein; and it is further

**ORDERED** that the Fourteenth Amendment deliberate indifference claim, related to Plaintiff's safety, against John Doe #1 and John Doe #2 survive the Court's sua sponte review under 28 U.S.C. § 1915A and require a response; and it is further

**ORDERED** that the Office of the County Attorney for Albany County is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of the defendants within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to Plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on

---

[4] If Plaintiff wishes to pursue any claim dismissed without prejudice, he is advised to that, if accepted for filing, any amended complaint will entirely replace the original complaint and incorporation of prior claims is not permitted.

15

Plaintiff in accordance with the Local Rules.

Dated: December 3, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge